**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| KATHLEEN KOSUB and JEANETTE HESTER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIV. ACTION NO. 5:19-cv-1116 |
| | ) | |
| MARTHA STOCKS and EQUIAN, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL ON BEHALF OF EQUIAN, LLC

Pursuant to 28 U.S.C. §§ 1331, 1332 and 1441, Defendant Equian, LLC, having received notice of Plaintiff's Fourth Amended Original Petition Joining Persons Needed for Just Adjudication With Plaintiff's Request for Disclosure filed against it in the Atascosa County, Texas District Court of the 81st/218th Judicial Districts, Cause Number 17-10-0944-CVA (hereinafter "FOAP"), hereby removes the pending civil action from the Atascosa County District Court to the United States District Court for the Western District of Texas, San Antonio Division, and states as follows:

### Procedural History

1.      This matter involves a dispute regarding the enforceability of the reimbursement/lien provisions found in the Arconic Employees Group Benefit Plan (hereinafter "Arconic Plan" or the "Plan") on the proceeds of a settlement obtained by Kathleen Kosub ("Kosub"), a participant in the Arconic Plan.  The Arconic Plan was established and maintained by Arconic, Inc. ("Arconic") to provide medical benefits to its employee participants and eligible

beneficiaries under the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. §1001, *et.seq.*

2.      Kosub was involved in a motor vehicle accident on April 6, 2017 and received medical benefits under the Arconic Plan for treatment of her accident related injuries.  Complaint Pars. 4.0(B), 5.01.  The benefits paid on behalf of Kosub were self-funded by Arconic through its general assets.  Complaint Par. 4.0(C).  The benefits were paid under plan terms which require reimbursement if a recovery is made from another source.  Complaint Par. 4.0(F).

3.      For all matters related to this action, Highmark, Inc. served as the claims administrator of the Arconic Plan.  Complaint 4.0(E).

4.      For all matters related to this action, Equian, LLC served as a vendor providing subrogation and recovery services to Highmark, Inc. and the Arconic Plan.  Complaint Par. 4.0(G).  Equian, LLC is an Indiana limited liability company with its principal place of business in Indianapolis, Indiana.

5.      Kosub filed an action against Martha Stocks ("Stocks") in the Atascosa County, Texas District Court of the 81st/218th Judicial Districts, Cause Number 17-10-0944-CVA for damages arising from the automobile accident.   Kosub voluntarily settled her claims against Stocks for $30,000 on June 13, 2019.  Complaint Par. 5.04.

6.      On June 13, 2019, Kosub signed a Settlement Disbursement Statement acknowledging that a portion of the settlement proceeds would be preserved until the court could adjudicate the amount owed to Equian, LLC for reimbursement to the Arconic Plan.

7.      A dispute has arisen as to the extent to which the reimbursement provision of the Arconic Plan can be enforced.

**Timeliness of Removal**

8.      This Notice of Removal is timely under 28 U.S.C. § 1446(b) being made within 30 days of Equian, LLC's receipt, through service or otherwise of the initial pleadings setting forth Kosub's claims for relief upon which this action is based.

**Appropriate Venue**

9.      Pursuant to 28 U.S.C. §1441(a), the United States District Court for the Western District of Texas, San Antonio Division, is the correct venue because it is the federal court for the district embracing the place where the state court suit is pending.

**Grounds for Removal**

**Federal Question Jurisdiction**

10.      The petition arises from the administration and enforcement of the Arconic Plan. The petition seeks to limit enforcement of the reimbursement provision of the Arconic Plan so that the Arconic Plan recovers no more than $7,811.35.  Essentially, Kosub seeks to determine whether the benefits extended by the plan are subject to the full reimbursement requirement, or whether the plan terms may be ignored by equitable defenses.  *Arana v. Ochner Health Plan*, 338 F.3d 433 (5th Cir. 2003).

11.      Removal of this action to the United States District Court for the Western District of Texas, San Antonio Division, is proper under federal question jurisdiction, 28 U.S.C. §1331. Although relief is sought against Equian, LLC, the petition alleges that Equian, LLC acted "as a representative of Arconic with the full authorization or ratification of Arconic…"  While Kosub requests relief under state law, the petition seeks to limit enforcement of the provisions of

Arconic's employee benefit plan.  Under the complete preemption exception to the well-pleaded complaint rule, the claims alleged by Kosub in the FAOP arise under ERISA even though they are pleaded as state court claims.

12.     ERISA preempts any state law claims alleged in Plaintiff's Complaint and provides the exclusive federal remedy for resolution of disputes arising out of enforcement of an employee benefits plan.  29 U.S.C. § 1144; *Pilot Life Ins. Co. v. Dedeaux*, 48 U.S. 41 (1987).  A cause of action filed in state court that is completely preempted by ERISA is removable to federal court under 28 U.S.C. §1441 regardless of how it is pled.  *See Metropolis Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

13.     This Court has original jurisdiction of ERISA actions under 29 U.S.C. § 1132 (e). This action is founded on claims or rights arising under the laws of the United States in that it is based upon and requires the interpretation and application of the Plan document  for the Arconic Employees Group Benefit Plan"  *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 213 (2004).

### Consent for Removal

14.     Equian, LLC is the only named defendant against whom claims are asserted and against whom relief is sought.   While Kosub filed the Fourth Amended Original Petition ("FAOP") under the same cause number as her prior petitions against Stocks, Kosub's claims against Stocks have been fully settled and released.  The FAOP does not assert any claims or causes of actions against Stocks.    Thereby, Stocks is a nominal defendant and her consent is not necessary.

## Notice to Parties and State Court

15.    In accordance with 28 U.S.C. § 1446(d), the Plan will promptly give written notice hereof to all parties and will promptly file a copy of this Notice of Removal with the Clerk of the Court of Atascosa County, Texas District Court of the 81st/218th Judicial Districts.

**WHEREFORE**, having fulfilled the statutory requirements of removal, Defendant Equian, LLC, respectfully remove this action from Atascosa County, Texas District Court of the 81st/218th Judicial Districts.

Respectfully submitted,

**KELLY, SMITH & SCHMIDT, P.C.**

*/s/ Laura D. Schmidt_____*
Laura D. Schmidt
State Bar No. 22142300
schmidt@kellysmithpc.com
5700 Tennyson Parkway, Ste. 300
Plano, TX 75074**
(972) 838-7300  Telephone
(713) 861-7100  Facsimile

**ATTORNEY FOR DEFENDANT, EQUIAN, LLC**

** All mailed correspondence should be
addressed to the Houston office:
4305 Yoakum Blvd., Houston, TX 77006

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing on behalf of Defendant,

Equian, LLC, was served September 16, 2019, upon the following via email and US Mail:

Aubrey J. Flowers
20540 Hwy. 46, West
Suite 115, PMB 458
Spring Branch, Texas  78070


/s/ Laura D. Schmidt_____
Laura D. Schmidt
Counsel for Equian, LLC